

# Bob Ferguson
## ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
PO Box 40111 ● Olympia, WA 98504-0111 ● (360) 709-6470

January 19, 2024

Molly C. Dwyer
Clerk of Court
James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

*By Electronic Filing*

RE: *State of Washington, et al. v. FDA, et al.*
Case No. 23-35294
FRAP 28(j) Citation to Supplemental Authority

Dear Ms. Dwyer:

Plaintiffs–Appellees State of Washington et al. write regarding a significant ruling entered after the briefs were filed—the January 12, 2024 order granting intervention to Idaho and other states in *Alliance for Hippocratic Medicine v. U.S. Food & Drug Administration (Alliance)*, No. 2:22-cv-223-Z (N.D. Tex.), ECF No. 175.

Idaho's successful intervention in *Alliance* undercuts the argument for intervention by *any* of the Proposed Intervenors here. The claim Proposed Intervenors seek to advance here—an APA challenge to FDA's removal of mifepristone's in-person dispensing requirement—is squarely at issue in *Alliance.* Plaintiffs-Appellees' Br. at 9-10. Denial of intervention is appropriate where a proposed intervenor has "other means" to protect its claimed interest, *id.* at 26 (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004)), including an "alternative forum"

ATTORNEY GENERAL OF WASHINGTON

to advance its arguments. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006). As Plaintiff States explained, Proposed Intervenors have other means because they "could have sought to intervene in" *Alliance*, "in which the legality of the in-person dispensing requirement under the APA is currently being litigated." Plaintiffs-Appellees' Br. at 26. Idaho and other states have now done so. And as to permissive intervention, Plaintiff States argued that adding Idaho's claim here would "unnecessarily intertwine" this case with *Alliance*. *Id.* at 32.

After Plaintiff States filed their brief, Idaho, joined by two other states, moved to intervene in *Alliance*, seeking to advance there the same claims they seek intervention to advance here. Mot. to Intervene at 14, *Alliance*, ECF No. 152; Complaint at 99-101, *Alliance*, ECF No. 151-1; 2-ER-88-91.[1] Intervention there was granted. Order, *Alliance*, ECF No. 175. States like Proposed Intervenors therefore have another means by which they not only can—but actively are—pursuing their claimed interest.

*The body of this letter contains 350 words.*

Respectfully submitted,

s/ Emma Grunberg
Emma Grunberg, WSBA 54659
Deputy Solicitor General
(206) 521-3222
*Counsel for State of Washington et al.*

---

[1] Although the *Alliance* case began in November 2022, and Idaho sought intervention in this litigation in March 2023 (2-ER-067), Idaho argued its November 2023 *Alliance* motion was timely because it only learned "very recently" that its interests "may be adversely affected" by the in-person dispensing requirement's removal. Mot. to Intervene, *supra*, at 13.